Not Recommended for Publication or Citation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 08-CV-146-HRW

WENDELL L. CRUSE                                                                                      PLAINTIFF

VS:                            **MEMORANDUM OPINION AND ORDER**

LARRY REED, et al.                                                                                  DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Wendell L. Cruse, a prisoner who was recently incarcerated in the Greenup County Jail, in the Eastern District of Kentucky, has submitted a *pro se* civil rights Complaint under 28 U.S.C. § 1983, and a Motion to Proceed *in forma pauperis*. The Motion will be granted by separate Order.

The Complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In screening, as with all submissions by *pro se* litigants, the Complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in this Complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

**CLAIMS**

Plaintiff claims that the Defendant Jail employees violated his rights under federal law, including the Eighth and Fourteenth Amendments, by subjecting him to cold conditions amounting to cruel and unusual punishment; threatening him in retaliation for complaining of the conditions; being arbitrary and malicious; and holding him without due process. He also urges state claims, *i.e.*, "illegal detainment"; a violation of Kentucky's extradition laws; and violations of the Kentucky Constitution.

## DEFENDANTS

As Defendants, the Plaintiff names (1) the Greenup County Jail [hereinafter "the Jail"] and the following employees of the Jail: (2) Larry Reed; (3) Dallas Prince; (4) Jim Womack; (5) Larry Yeager; (6) David Stapleton; and (7) Pat Keeton. Cruse specifies that these Defendants are all sued in their individual and official capacities.

## RELIEF REQUESTED

Plaintiff seeks injunctive relief and damages.

## FACTUAL ALLEGATIONS

Plaintiff Cruse's allegations appear in an initial complaint [Record No. 2], signed on December 13, 2008, while he was being held in the Jail; a later submission from his current Ohio address [Record No. 7], which the Court construes as an amendment of right; and an Amended Complaint [Record No. 8], which the Court will permit as another amendment. The following is a summary of the Plaintiff's allegations in these submissions.

Cruse's claims arise from two circumstances at the Jail. His first complaint is about his cold cell. Plaintiff alleges that because of overcrowding, he had to sleep on a thin mattress on the floor of a cell, where it was "extremely cold." Moreover, a "John Doe" official confiscated his blanket

and all long sleeved undershirts were also treated as contraband. Plaintiff further states that during his stay under these conditions, from November 7, 2008 to December 15, 2008, the Defendant officers wore "jackets, insulated vests and long sleeved cold weather apparrel [sic] indoors, while plaintiff was forced to wear a short sleeved two piece prison uniform." During that time period, all of the Defendants purportedly knew of the problem with the heat in his unit and failed to take corrective action.

As to his administrative efforts to obtain relief from the cold, Cruse alleges that the day after his arrival, on November 8, 2008, he complained to Defendant Yeager. On November 10, 2008, he complained to a voice over the intercom, believed to be that of Lt. Pat Keeton. Both officers purportedly responded with threats to subject him to even worse conditions if he continued to complain.

On November 15th, Plaintiff filed a formal grievance about the cold, to which Yeager again responded verbally, this time admitting that the unit was cold but "no one was going to spend $80,000 to fix it for a bunch of inmates." Yeager also threatened Plaintiff about complaining again, and on December 8th, Defendant Stapleton warned Cruse that he shouldn't "be stirring up trouble because no one here is going to protect you. You're the only black man in this jail . . . ."

Plaintiff's second complaint regards the authority of the Jail personnel to hold him past December 8, 2008, when his 30-day misdemeanor sentence expired. He alleges that the next day, he was informed that he was being held on a State warrant from Ohio. He then obtained a grievance form, which he submitted together with a copy of Kentucky extradition laws and a copy of his signature in order to refute that he signed any waiver of his extradition rights.

On December 10, 2008, Defendant Stapleton allegedly reported that Defendant Price had

received his grievance but it would do no good, as "we're shipping your ass to Ohio." The next day, Larry Reed informed him that he would not receive a hearing before extradition, and if Plaintiff continued to complain or grieve the matter, he would be sorry.

Plaintiff seeks a criminal investigation, a stay of extradition, and damages, both compensatory and punitive.

## DISCUSSION

To establish a right to relief under Title 42 of the United States Code, Section 1983, a plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

The instant Plaintiff appears to have satisfied the pleading requirements for the federal claims herein as he has identified the federal law purportedly giving rise to his cause of action and has named persons acting with authority provided them by the State as the Defendants. Further, the Court cannot say that the claims are frivolous or that they are obviously unexhausted. Therefore, summons will issue, and Plaintiff will be given the opportunity to meet the proof elements necessary for a right to relief under 42 U.S.C. § 1983.

Not all Defendants will be summoned, however. Plaintiff alleges that the Jail's "supervisory staff, including, but not limiting to [sic], Larry Reed, Dallas Prince, Jim Womack and Pat Keeton were aware of the acts complained of . . . and did nothing to stop them." Record No. 2. Although the Plaintiff also complains of specific acts taken by Larry Reed and Pat Keeton, he makes no

4

allegations of any personal action by Defendants Prince and Womack. *See Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988); *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979).

The Plaintiff cannot recover against either Prince or Womack on a *respondeat superior* theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981); *Williams*, 837 F.2d at 308; *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984). Under circumstances such as these, *respondeat superior* does not apply to impute liability onto supervisory personnel. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). In order to find them liable, a plaintiff must allege that the supervisors condoned, encouraged or participated in the alleged misconduct. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989). As the instant Plaintiff has not pled active participation by Prince or Womack, they will be dismissed from this action. *See Browder v. Anderson*, 2008 WL 1884093, at *4 (W.D.Ky. 2008) (slip op.).

Cruse has also named the "Greenup County Jail" as a Defendant. However, the Courts have ruled that a Jail is not a "person" subject to suit under § 1983, because municipal departments, such as jails, are not suable under § 1983. *See Rhodes v. McDannel,* 945 F.2d 117, 120 (6th Cir.1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.,* 238 F.ed 422, 2000 WL 1720959 (6th Cir. 2000) (unpublished) (holding that a jail is not an entity subject to suit under § 1983). Therefore, Cruse's claims against this entity will be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915 (e)(2)(ii).

Additionally, the *pro se* Plaintiff refers to a "John Doe" Defendant. Accordingly, he is advised of the following provision in the Federal Rules of Civil Procedure:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure,

>the court must extend the time for service for an appropriate period. This subdivision
>(m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

Fed.R.Civ.P. 4(m)(2007). Plaintiff is hereby on notice that if any John Doe defendants are not named and served within 120 days, then the claims against said John Doe defendants shall be dismissed pursuant to the terms of Federal Rule of Civil Procedure 4(m).

Finally, the Court advises Plaintiff that this Court has discretion as to whether to entertain pendent jurisdiction over state claims filed in connection with and arising out of the same facts as § 1983 actions. *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987). However, if the federal claims against the Defendants should be dismissed, then the pendent state claims will be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt, et al.*, 24 F.3d 781 (6th Cir. 1994).

Accordingly, **IT IS ORDERED** as follows:

(1) The Greenup County Jail, Dallas Prince, and Jim Womack are **DISMISSED** from the instant proceeding, without prejudice, for the Plaintiff's failure to state a claim against them.

(2) The Divisional Clerk in the division where the case lies shall prepare and issue summons for the remaining Defendants, all located in Greenup, Kentucky: Larry Reed, Larry Yeager, David Stapleton, and Pat Keeton, in their official and individual capacities.

(3) The Divisional Clerk shall also prepare as many copies of the Complaint and Docket Entries 7-8 as there are summonses and any required USM Forms 285. If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any defendant, the Clerk shall promptly make a Clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(4) After the Divisional Clerk's office has prepared the summonses, USM Forms 285,

Case: 0:08-cv-00146-HRW   Doc #: 10   Filed: 02/13/09   Page: 7 of 8 - Page ID#: 43

copies of Docket Entries 2, 7-8 and this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk shall forward said documents, by certified mail, to the United States Marshal's office in Lexington, Kentucky.

(5)    The Divisional Clerk shall enter the certified mail receipt into the instant record.

(6)    The United States Marshal shall serve a summons, copies of the Complaint, D.E. 7-8, and this Order, on the Defendants identified in paragraph (2) above and shall do so by certified mail, return receipt requested, restricted delivery by mail, or by personal service, at the option of the Marshal.

(7)    The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

(8)    The Plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(9)    For every further pleading or other document he wishes to submit for consideration by the Court, the Plaintiff shall serve upon each Defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The Plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.

This February 13, 2009.



Signed By:
Henry R Wilhoit Jr.
United States District Judge

7