UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

Civil Action No. 08-146-HRW

WENDELL CRUSE,                                                                  PLAINTIFF,

v.                     **MEMORANDUM OPINION AND ORDER**

LARRY REED, et al.,                                                             DEFENDANTS.

 

This matter is before the Court upon the Defendants' Motion to Dismiss [Docket No. 29].

Defendants seek dismissal of this matter pursuant to Fed.R.Civ.P. 37 for failure of Plaintiff to participate in discovery and follow the Orders of this Court. Plaintiff has not responded to the motion and the time for doing so has long since passed.

If for no other reason, it would be entirely proper to grant the Defendants' dispositive motion based on Plaintiff's failure to respond thereto as required by Rule 7.1(c)(1) of the Joint Local Rules of the Eastern and Western Districts of Kentucky[1]. The Court has reviewed the Defendants' motion and the court record, nevertheless. Based on the current state of the record, it appears that the

---

[1] Local Rule 7(c)(1) specifically states that "[f]ailure to file an opposing memorandum may be grounds for granting [a] motion."

Defendants' motion should be sustained on its merits as well.

The Sixth Circuit Court of Appeals has determined that four factors are to be considered by a district court to impose sanctions under Rule 37. *Freeland v. Amigo*, 103 F.3d 1271 (6th Cir. 1997). "The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the party's failure to cooperate in discovery; the third factor is whether the party was warned that failure to cooperate could lead to the sanction; and the fourth factor in regard to a dismissal is whether less drastic sanctions were first imposed or considered". *Id.* at 1277, *citing*; *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir.1995).

Defendants served a Notice of Deposition upon Plaintiff on August 21, 2009. According to the Notice, Plaintiff's deposition was scheduled to take place on September 10, 2009. Plaintiff failed to appear for his deposition. He filed no motion or other pleading seeking a protective order or otherwise explaining his failure to appear.

Defendants' counsel sent a letter to Plaintiff requesting that he contact counsel in seven days to reschedule the deposition. Plaintiff did not respond to the letter.

Defendants then filed their first Motion to Compel pertaining to the deposition of the Plaintiff. Plaintiff did not respond to the motion and the Court entered an Order sustaining the same and directing Plaintiff to appear for deposition on November 10, 2009. Once again, Plaintiff failed to appear or give any explanation for his failure.

Defendants filed a second Motion to Compel. The Court sustained the motion ands ordered Plaintiff to appear for deposition on December 22, 2009. For the third tome, Plaintiff failed to appear.

It is abundantly clear to the Court that Plaintff has abandoned his interest in prosecuting his claims against the Defendants. His refusal to comply with the Court's Scheduling and the orders suggest bad faith. Further, his noncompliance has resulted in much prejudice and expense on behalf of the Defendants.

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [Docket No. 29] be **SUSTAINED**, the Complaint be **DISMISSED** and this matter be **STRICKEN** from the docket of this Court.

This is a **FINAL** and **APPEALABLE** Order.

This 5th day of April, 2010.



Henry R. Wilhoit, Jr., Senior Judge